Vera H. JOHNSON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. ST–C–84–241.

United States District Court,
W.D. North Carolina,
Statesville Division.

Jan. 14, 1986.

Donald L. Weinhold, Jr., R. William McCanless, Weinhold & McCanless, Salisbury, N.C., for plaintiff.

Charles Brewer, Asheville, N.C., Betsy Burke, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

### MEMORANDUM AND ORDER

WOODROW WILSON JONES, District Judge.

Plaintiff brought this action seeking to recover $2,000.00 in federal employment taxes which were allegedly erroneously assessed and which Plaintiff contends she was not legally obligated to pay. The United States counterclaimed seeking collection of the unpaid balance of a tax assessment which it contends is still due and owing from the Plaintiff. The matter is presently before the Court upon the government's motion for partial summary judgment. The Court heard the motion in Statesville, North Carolina on December 16, 1985. After careful consideration of the pleadings, the depositions of Plaintiff and Everette M. Huffman, and the briefs and arguments of counsel the Court now enters its findings and conclusions.

According to the complaint Plaintiff, Vera H. Johnson, and her brother, Everette M. Huffman, became "loosely associated ... in an entity known as H & J Lumber Company" sometime in or around January 1973. H & J Lumber Company was, as its name implies, a sawmilling operation. The business never did do well financially and eventually ceased operations altogether in mid–1975. The government contends that certain federal employee withholding taxes, social security taxes and unemployment taxes were never paid to the Internal Revenue Service by Plaintiff, Huffman or the entity known as H & J Lumber Company. The Internal Revenue Service has made assessments against the Plaintiff as a partner of H & J Lumber Company for the amount of the alleged tax deficiency together with civil fraud penalties and interest. Plaintiff paid $2,000.00 of such assessment and instituted this action seeking refund of the amount paid.

The United States has counterclaimed for the unpaid amount of the assessment still alleged to be owed to the government.

The primary issue before the Court at this stage of the proceedings is whether there is a genuine issue of material fact concerning Plaintiff's status as a partner in the H & J Lumber Company. Plaintiff is in apparent agreement with the government's contention that if she were a partner in H & J Lumber Company then she is liable, jointly and severally, for any taxes due the government by H & J Lumber Company. Plaintiff strenuously denies the government's allegations that she was a partner in the H & J Lumber Company.

The question of whether an entity is a partnership for tax purposes is generally a question of fact and hinges primarily

upon the presence or absence of an intention of the parties to join together to carry on a business and to share in the profits or losses of such business. *Commissioner of Internal Revenue v. Culbertson*, 337 U.S. 733, 741–42, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659 (1949). The parties' intention is not to be determined from their protestations that a partnership was not intended. *United States v. Levasseur*, 80–1 U.S.T.C., para. 9349 (D.Vt.1980). True intent must be determined by examination of the relevant facts and circumstances governing the parties' relationship. *Id., citing Commissioner of Internal Revenue v. Culbertson, supra,* and *Burde v. Commissioner of Internal Revenue*, 352 F.2d 995, 1002 (2d Cir.1965). The relevant facts and circumstances to be considered are: (1) whether a partnership agreement exists; (2) whether the parties have represented to others that they were partners; (3) whether the parties have a proprietary interest in the partnership profits and an obligation to share the losses; (4) whether the parties have a right to control the partnership income and capital; and (5) whether the parties have contributed capital or services. *United States v. Levasseur, supra, citing Estate of Kahn v. Commissioner of Internal Revenue*, 499 F.2d 1186, 1189 (2d Cir.1974).

The "H & J" in H & J Lumber Company stood for Huffman and Johnson, the last names of Plaintiff's brother and Plaintiff (Huffman deposition, page 27). Plaintiff contributed approximately $20,000.00 to the capital of the company (Plaintiff deposition, page 7). It was Plaintiff's understanding that she and her brother were forming a partnership and were to "share and share alike" (Plaintiff deposition, page 4), and that she and her brother were to have a one-half interest in the business (Plaintiff deposition, pages 5–6). When asked if she ever considered herself a partner in H & J Lumber Company Plaintiff replied, "I thought it was going to develop into a partnership, but it didn't take me long to find out it was not a partnership" (Plaintiff deposition, page 4).

In their dealings with the Internal Revenue Service Plaintiff and her brother always represented themselves to be partners. They applied for a tax identification number as partners. Plaintiff insists however that her brother applied for the tax identification number without her knowledge and that she does not recall whether she ever asked that her name be removed from the tax identification number (Plaintiff deposition, page 5). Plaintiff and her brother filed partnership tax returns as well as other tax documents indicating their status as partners. Plaintiff took half of the yearly losses of the business as a deduction on her individual income tax returns for the years in question.

Plaintiff worked for the business approximately forty hours per week for the entire period that the business was operating (Plaintiff deposition, page 5). Plaintiff stated that she wasn't sure what her salary was because she didn't get paid every week (Plaintiff deposition, pages 26–28).

Plaintiff contends that the facts in her case lead to a different conclusion than that reached by the Court in *Levasseur* where the defendant wife was found to have been a partner in a business venture with her husband and thus liable for unpaid federal taxes owed by the partnership. The Court is compelled to hold otherwise.

■ It appears clear from the deposition testimony of both Plaintiff and her brother that a partnership agreement between the two did exist, albeit that the agreement was verbal rather than written. Whether the Plaintiff and her brother represented to their customers, suppliers, employees or others that they were partners is unclear, but it is certain that they represented to the Internal Revenue Service that they were partners. Plaintiff and her brother agreed to share the profits of the business fifty-fifty. As it turned out there was no profits to be shared, but they did equally claim the tax benefits to be gained by the business losses. Plaintiff had the right to control the partnership income and capital even though she might have lacked sufficient knowledge of the nature of the business to exercise that right responsibly or

her brother might have by his own action prevented her from exercising her right to control of the business. Finally Plaintiff contributed both capital and services to the business. If Plaintiff were an employee of the business rather than a partner it seems odd that she would contribute substantial services for which she was not paid. Moreover, Plaintiff's individual tax returns for the years in question disclose that, although Plaintiff kept the books for the company and contends that she was paid a salary on a sporadic basis, she never withheld Social Security or income taxes from the amount which she was paid for her services as an alleged "employee" of the business. Plaintiff's treatment of the money she received from the business was therefore more akin to a return of capital than to a salary received as an employee of the business. Thus in examining all of the factors set forth in *Levasseur* it appears that each factor points to the conclusion that Plaintiff and her brother formed a partnership rather than to the conclusion pressed by the Plaintiff, that is, that she was merely an employee in her brother's business.

It should further be kept in mind that the purpose in examining the *Levasseur* factors is to determine whether two or more persons intended to form a partnership. Huffman readily admits that it was his intention to form a partnership with his sister. Plaintiff goes to great lengths to avoid the use of the word partnership to describe her agreement with her brother, but does state that at the inception of the business Huffman "got me to think it was partners" (Plaintiff deposition, page 16). Moreover Plaintiff's statements that "it was supposed to be, from [Huffman's] talking, a partnership and we share and share alike," (Plaintiff deposition, page 4) and "we were supposed to have half and half was what [Huffman] said" (Plaintiff deposition, page 6) point conclusively to Plaintiff's original intent to form a partnership with her brother. Even assuming that Huffman later took it upon himself to control the day to day operation of the business and the finances, and that he excluded

Plaintiff from active participation in the affairs of the business, those facts would not support the Plaintiff's denial that a partnership existed. Since it appears that the only legitimate basis upon which the Plaintiff could deny her partnership status is her lack of actual control in conducting the affairs of business, and that such lack of control is an insufficient basis upon which to determine that Plaintiff was not a partner, the Court concludes that Plaintiff was a partner with her brother in the H & J Lumber Company, that there is no genuine issue of material fact as to her status as a partner and that the government is therefore entitled to partial summary judgment as to such issue.

■ Even if the Court were to determine that Plaintiff and her brother never intended to form a partnership, the Court would be obliged to hold that the Plaintiff was estopped from denying that she and her brother were partners in H & J Lumber Company. Plaintiff repeatedly represented to the Internal Revenue Service that she was a partner in the business. If that fact alone is not sufficient to estop her from denying her partnership with her brother, then the fact that she also took a substantial deduction on her personal income tax return for her share of the loss incurred by the business mandates such an estoppel.

The government has also moved for partial summary judgment as to two other issues; (1) whether Plaintiff may avoid the civil fraud penalties assessed against her personally by establishing that she did not act in a negligent, willful, or fraudulent manner, and (2) whether the statute of limitations prevents the United States from recovering taxes and penalties incurred in the four quarters at issue for 1973.

■ The government is correct in its argument that Plaintiff is liable from the wrongful acts of her partner which are done in the ordinary course of business. *Calvey v. United States*, 448 F.2d 177 (6th Cir.1971). However the Court is not able to say at this point that as a matter of law Plaintiff's brother committed fraud against

the government and that such fraud was in the ordinary course of the business of the H & J Lumber Company. This issue will accordingly have to be resolved by the jury.

 Neither can the Court rule that the government's claim for taxes allegedly due for 1973 is not barred by the statute of limitations absent a determination that either the Plaintiff, or her brother acting in the ordinary course of partnership business, acted fraudulently.

The government's motion for partial summary judgment as to these last two issues must therefore be denied.

IT IS THEREFORE ORDERED that the Defendant's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be and the same is hereby granted as to the issue of whether Plaintiff was a partner in the H & J Lumber Company from January 1973 through July 1975 and the Court hereby holds as a matter of law that Plaintiff was a partner in the H & J Lumber Company during the aforesaid period.

IT IS FURTHER ORDERED that the Defendant's motion for partial summary judgment be and the same is in all other respects denied.